[Cite as *Dutton v. Potroos*, 2011-Ohio-3646.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MARY DUTTON, ADMINISTRATOR OF THE ESTATE OF BONITA L. BULLOCK | JUDGES: Hon. Sheila G. Farmer, P. J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| -vs- | |
| HANY POTROOS, dba THE STABLES RESTAURANT AND HALL OF FAME GRILLE | Case No. 2010 CA 00318 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:            Civil Appeal from the Court of Common
                                    Pleas, Case No.  2010 CV 00014


JUDGMENT:                           Affirmed


DATE OF JUDGMENT ENTRY:             July 25, 2011


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

BRIAN ZIMMERMAN                     STEPHEN P. GRIFFIN
JEFFREY LOOKABAUGH                  MICHAEL J. KAHLENBERG
SCHULMAN, ZIMMERMAN & ASSOC.        WINKHART & RAMBACHER
236 3rd Street SW                   825 South Main Street
Canton, Ohio  44702                 North Canton, Ohio  44720

*Wise, J.*

{¶1}    Appellant Hany Potroos appeals from the October 12, 2010, Judgment Entry entered in the Stark County Court of Common Pleas denying his Civ.R. 60(B) Motion.

**STATEMENT OF THE FACTS AND CASE**

{¶2}    The facts relevant to this appeal are as follows:

{¶3}    On February 18, 2009, Bonita Bullock was at The Stables Restaurant and Hall of Fame Grille, located in Canton Ohio. Ms. Bullock was at the restaurant with a group of family members to celebrate her sister's birthday. The main dining area at The Stables was on a lower level from the rest of the restaurant premises. A short series of steps went down into the main eating area. Ms. Bullock tripped and fell down these steps. She suffered a fractured right leg. She was rushed by ambulance to Mercy Medical Center, where she underwent surgery. Ms. Bullock never recovered from the fall and surgery, and died just days later.

{¶4}    On January 4, 2010, Appellee Mary Dutton, Bonita Bullock's sister and the Administrator of her Estate, filed a Complaint in Stark County Court of Common Pleas naming Appellant Hany R. Potroos as well as two unknown individuals as defendants.

{¶5}    The record reflects that Appellant was personally served with a copy of the Summons and Complaint by a process server on February 16, 2010.

{¶6}    On March 12, 2010, Appellant filed a document requesting a leave of 30 days to obtain counsel to defend him in this action.

{¶7}    By Judgment Entry filed March 12, 2010, the trial court granted this Motion and gave him until May 17, 2010, to obtain legal counsel.

**{¶8}** On May 14, 2010, Appellant filed a document captioned "Request for Case Dismissal", requesting that the court dismiss the case against him. In that same document, Appellant admitted that he had operated the restaurant for over eight years.

**{¶9}** On June 11, 2010, Appellee filed an opposition to this Motion.

**{¶10}** The trial court treated Appellant's filing as a Civil Rule 12(B) Motion to Dismiss for failure to state a claim, and denied the same.

**{¶11}** On July 21, 2010, Appellee filed a Motion for Default Judgment.

**{¶12}** On August 3, 2010, the trial court set the matter for a hearing.

**{¶13}** On August 17, 2010, the trial court conducted a hearing, on the record, with Appellee and Appellant present, without counsel.

**{¶14}** At the hearing, the trial court made inquiries as to the various papers filed by Appellant, including the "Appeal of Default Judgment" which he had filed that same morning. The trial court also allowed Appellant an opportunity to explain his failure to obtain representation and his failure to file an Answer in the case.

**{¶15}** After considering the evidence and testimony, the trial court granted default judgment stating: "For the reasons set forth on the record, the Court grants Plaintiff's Motion for Default Judgment. The Court's ruling was based, in part, upon the holding in *Faith Electric Co. v. Kirk*, 2001WL491754 (Ohio App. 10 Dist.)" (Judgment Entry, August I8, 2010). The court set the matter for a hearing on damages for September 8, 2010.

**{¶16}** On September 3, 2010, Appellant filed a second "Appeal of the Default Judgment."

{¶17} On September 8, 2010, Appellant appeared at the damages hearing without counsel. At this hearing, the trial court heard evidence from the Plaintiff-Appellee including the testimony of a witness and discussion of four exhibits. Mr. Potroos was permitted to question the witness, and was asked if he wished to call any witnesses. Appellant did not present any witnesses or evidence. The trial court permitted Appellant to make objections on the record and to make an argument.

{¶18} Following the hearing the trial court, "for the reasons stated in the record" awarded damages totaling $1 million on Plaintiff-Appellee's survivorship claim, and $1 million on Plaintiff-Appellee's wrongful death claim. (Judgment Entry, September 13, 2010).

{¶19} Subsequently, Appellant retained legal counsel.

{¶20} On September 13, 2010, Appellant, through counsel, filed a Civil Rule 60(B) Motion requesting that the trial court vacate the default judgment. On the same day, Appellant also moved for default judgment on what he referred to as his counterclaim.

{¶21} Appellee responded, noting that the trial court had gone over and above the requirements to provide Appellant with an opportunity to retain counsel, and/or the opportunity to defend himself after he chose to proceed pro se. Appellee also pointed out that Appellant never properly served his "Counter Law Suit" on her.

{¶22} On September 16, 2010, Appellant filed what appears to be basically the same Rule 60(B) Motion, this time requesting an immediate oral hearing.

{¶23} By Judgment Entry filed October 12, 2010, the trial court denied Appellant's motions without a hearing

{¶24} In its "Judgment Entry Denying Defendants' Motion to Set Aside Default Judgment", the trial court found that Appellant's original "Request for Case Dismissal" was not an Answer to the Complaint but was instead a Motion for Dismissal. The trial court also found that Appellant had not provided any evidence demonstrating that he was not a proper party in interest in the matter. Further, the trial court found that "not once during the seven months that this matter was pending before the Court or during either of the two hearings on the matter, which the Defendant attended and participated in on his own behalf, did the Defendant ever argue or present evidence that he was not the proper party in interest." The court further found that Appellant failed to demonstrate that he was entitled to relief from default judgment.

{¶25} It is from this decision that Appellant now appeals, raising the following assignments of error for review:

**ASSIGNMENTS OF ERROR**

{¶26} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S CIV.R. 60(B) MOTION.

{¶27} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONDUCT A HEARING ON APPELLANT'S CIV.R. 60(B) MOTION."

**I.**

{¶28} In his first assignment of error, Appellant contends that the trial court erred in denying his Civ.R. 60(B) motion. We disagree.

{¶29} A motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was

unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140

**{¶30}** Civ.R. 60 *Relief from Judgment or Order,* provides

**{¶31}** " * * *

**{¶32}** "(B) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.*

**{¶33}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶34}** "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

**{¶35}** To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if

relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

{¶36} Where timely relief is sought from a default judgment, and the movant has a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. *GTE Automatic, supra.* at paragraph three of the syllabus. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App. No. 12–CA–86. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." *Id.* at 5.

{¶37} Our standard of review of a court's decision as to whether to grant a Civ.R. 60(B) motion is abuse of discretion. *GTE* at 148, 351 N.E.2d 113.

{¶38} Upon review of the entire record in this matter, we find the trial court did not abuse its discretion in overruling Appellant's Civ.R. 60(B) Motion.

{¶39} Initially we note that Appellant filed his motion within the time limits set forth in G.T.E., supra. We will therefore address the remaining two requirements.

{¶40} Appellant herein argues that he has a meritorious defense, claiming that he is not the proper party to this action.

{¶41} With regard to the second prong of the *G.T.E.* test, Appellant claims that he is entitled to relief under Civ.R.60(1) and (5).

{¶42} Under Civ.R. 60(B)(1), Appellant herein claims both mistake and excusable neglect.

{¶43} First, Appellant argues that the trial court made a mistake by treating his filing captioned "Request for Case Dismissal" as a motion to dismiss rather than Answer. Appellant argues that the substance of the document reveals that it is in fact an Answer, and not a motion to dismiss.

{¶44} We have reviewed Appellant's "Request for Dismissal" and cannot, under an abuse of discretion standard, find that the trial court's treatment of such a motion to dismiss was unreasonable, arbitrary or unconscionable. Appellant, in the document in question, specifically "asks that this case and all claims therein be dismissed, in the interest of time and resources" claiming therein that the claims in the Complaint "are baseless and unfounded."

{¶45} We further find the trial court's treatment of such document as a motion to dismiss was obvious from its Judgment Entry denying same, wherein it specifically stated, "[i]n construing a Complaint under a Civ.R. 12(B) Motion to Dismiss for failure to state a claim…" and again at the conclusion of the Entry where the court states "…the court denies Defendant's motion to dismiss."

{¶46} Appellant further claims excusable neglect, arguing that he tried to defend himself in this action but that he was unfamiliar with "the intricacies of pleading practice".

{¶47} Although excusable neglect is an "elusive concept," *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, "the failure to plead or respond after admittedly receiving a copy of a complaint is generally not excusable neglect." *LaSalle*

*Nat. Bank v. Mesas,* 9th Dist. No. 02CA008028, 2002–Ohio–6117, at ¶ 13. It has been held that "[o]nly where the failure to respond is coupled with a complete lack of notice of the original motion may excusable neglect lie." *Chuck Oeder Inc. v. Bower,* 9th Dist. No. 23785, 2007–Ohio–7032, at ¶ 8, quoting *Zimmerman v. Rourke,* 9th Dist. No. 04CA008472, 2004–Ohio–6075, at ¶ 9.

**{¶48}** Appellant knew of the existence of this lawsuit. He signed the proof of service, he filed a number of documents and he appeared at scheduled hearings. Although Appellant was acting pro se and may not have realized the consequences of failing to file a proper answer, it has been consistently held that pro se litigants are to be held to the same standards as litigants who are represented by counsel. *Rhoades v. Greater Cleveland Regional Transit Auth.,* Cuyahoga App. No. 92024, 2009-Ohio-2483, at ¶ 10, citing *Tisdale v. Javitch, Block & Rathbone,* Cuyahoga App. No. 83119, 2003-Ohio-6883.

**{¶49}** Similarly, the record does not support Appellant's assertion that he is entitled to relief under Civ.R. 60(B)(5). Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Chuck Oeder Inc.* at ¶ 10, quoting *State ex rel. Gyurcsik v. Angelotta* (1977), 50 Ohio St.2d 345, 346. It is reserved for "extraordinary and unusual case[s]," *Myers v. Myers,* 9th Dist. No. 22393, 2005–Ohio–3800, at ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment[.]" *Chuck Oeder, Inc.* at ¶ 10.

**{¶50}** Appellant herein has failed to provide this Court with any law in support of his argument that the default judgment against him was unjust, given that he was fully aware of these proceedings and simply failed to file an Answer. See App.R. 16(A)(7).

The record does not support the conclusion that this is the "extraordinary and unusual case" for which relief pursuant to Civ.R. 60(B)(5) is reserved. *Myers* at ¶ 14.

**{¶51}** For the above enumerated reasons, we find that the trial court did not abuse its discretion in denying his motion for relief from default judgment pursuant to Civ.R. 60(B).

**{¶52}** Appellant's first assignment of error is overruled.

**II.**

**{¶53}** In his second assignment of error, Appellant argues that the trial court abused its discretion when it failed to hold an evidentiary hearing on his Civ.R. 60(B) motion. We disagree.

**{¶54}** The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in *Cogswell v. Cardio Clinic of Stark County, Inc.* (October 21, 1991), Stark App. No. CA-8553. In *Cogswell,* this Court held under Civ.R. 60(B), a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment. *Cogswell; BancOhio National Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 554 N.E.2d 1362.

**{¶55}** In this case, the trial court denied Appellant's motion for relief from judgment and request for hearing finding that none of Appellant's alleged reasons for failing to timely file an answer in this matter could support a meritorious defense to the judgment. Likewise, there was no reason to hold a hearing on Appellant's Civ.R. 6(B) motion once the trial court denied the Civ.R. 60(B) motion.

**{¶56}** In this case, our discussion in Appellant's first assignment of error is dispositive of this assignment of error. Having found that Appellant failed to allege any operative facts or present any argument that would warrant relief under Civ.R. 60(B), no evidentiary hearing was required. Therefore, the trial court did not err in denying Appellant's motion for such hearing.

**{¶57}** Appellant's second assignment of error is overruled.

**{¶58}** For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0630

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MARY DUTTON, ADMINISTRATOR OF          :
THE ESTATE OF BONITA L. BULLOCK        :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
HANY POTROOS, dba THE STABLES          :
RESTAURANT AND HALL OF FAME            :
GRILLE                                 :
                                       :
    Defendant-Appellant                :          Case No. 2010 CA 00318


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____

                JUDGES