[Cite as *Maggiore v. Barensfeld*, 2012-Ohio-2909.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER MAGGIORE | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Consolidated Case Nos. 2011CA00180 |
| | | & 2011CA00230 |
| GLEN BARENSFELD | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
Common Pleas, Case No. 2010CV03792

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      June 22, 2012

APPEARANCES:

For Appellee:

OWEN J. RARRIC
4775 Munson St. NW
P.O. Box 36963
Canton, OH 44735-6963

JEFFREY T. KNOLL
JOHN P. SUSANY
3475 Ridgewood Rd.
Akron, OH 44333

For Appellant:

RANDOLPH L. SNOW
JAMES M. WHERLEY, JR.
220 Market Ave. S., Suite 1000
Canton, OH 44702

*Delaney, P.J.*

{¶1}   Defendant-Appellant Glen Barensfeld appeals the September 29, 2011 judgment entry of the Stark County Court of Common Pleas affirming and adopting the July 19, 2011 Magistrate's Decision to deny Barensfeld's Motion for Relief from Judgment.

### FACTS AND PROCEDURAL HISTORY

{¶2}   On October 13, 2010, Plaintiff-Appellee Christopher Maggiore filed a Complaint on a Note in the Stark County Court of Common Pleas.  Maggiore alleged on or about April 17, 2002, Barensfeld executed and delivered to Maggiore a cognovit promissory note in the amount of $277,219.63 with interest at the rate of 8.5% per annum.  Maggiore alleged that as collateral for the Note, Barensfeld executed and delivered a Mortgage Deed for real property located in Ohio and recorded in Medina County.  The principal and interest on the Note was payable in full five years from the date of execution.  Maggiore alleged more than five years had passed and Barensfeld failed to make any payment despite demand.

{¶3}   Barensfeld is a California resident.  Barensfeld was served with the summons and Complaint on October 18, 2010.  Pursuant to Civ.R. 12, an answer was due on November 15, 2010.

{¶4}   Barensfeld did not respond to the Complaint, or otherwise defend the matter within the 28-day time period set by Civ.R. 12.  On November 16, 2010, the 29th day from service of the Complaint, Maggiore moved for default judgment and submitted a proposed judgment entry.  The trial court granted the Motion for Default Judgment on November 16, 2010 at 2:20 p.m.

{¶5} On November 16, 2010 at 5:13 p.m., Barensfeld filed a Notice of Removal with the United States District Court for the Northern District of Ohio, Eastern Division (*Maggiore v. Barensfeld*, N.D.Ohio No. 5:10cv2622). Barensfeld removed the case on the basis of diversity jurisdiction. 28 U.S.C. 1332. Barensfeld filed a notice with the Stark County Court of Common Pleas on November 17, 2010 at 9:06 a.m. indicating the case had been removed to federal court.

{¶6} Barensfeld filed an Answer and Counterclaim in federal court. Maggiore filed a Motion for Default Judgment and a Motion to Strike Barensfeld's Answer and Counterclaim. Barensfeld responded to the motion and filed a Motion for Relief from Judgment, requesting the federal court to vacate the state court default judgment. On May 12, 2011, the federal court issued its ruling granting Maggiore's Motion to Strike and denying Barensfeld's Motion for Relief from Judgment. The federal court remanded the case to the Stark County Court of Common Pleas.

{¶7} On June 10, 2011, Barensfeld filed a Motion for Relief from Judgment. An oral hearing was held before the Magistrate on June 30, 2011. The Magistrate issued a Decision denying the Motion for Relief from Judgment on July 19, 2011. The Magistrate found Barensfeld's failure to timely answer or otherwise defend was not the result of "mistake" or "excusable neglect," but rather a strategic decision by Barensfeld not to respond to the state litigation but to focus on removing the matter to federal court.

{¶8} Barensfeld filed objections to the Magistrate's Decision. On September 29, 2011, the trial court affirmed and adopted the Magistrate's Decision.

{¶9} It is from this judgment Barensfeld now appeals.

**ASSIGNMENTS OF ERROR**

{¶10} Barensfeld raises one Assignment of Error:

{¶11} "THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO VACATE THE INSTANT DEFAULT JUDGMENT, WHICH WAS ENTERED ON THE 29TH DAY AFTER SERVICE OF THE COMPLAINT, EVEN THOUGH BARENSFELD TIMELY REMOVED THE CASE TO FEDERAL COURT AND TIMELY ANSWERED WITH THE FEDERAL COURT AFTER REMOVAL."

**ANALYSIS**

*STANDARD OF REVIEW*

{¶12} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, (1983).

{¶13} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v. Cleveland,* 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

{¶14} Barensfeld brought his Motion for Relief from Judgment pursuant to Civ.R. 60(B)(1), (3), and (5). Civ.R. 60(B)(1) states a party may be granted relief from judgment if there was "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(3) provides there may be relief from a judgment if there is "a fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." Finally, Civ.R. 60(B)(5) grants relief for any other reason justifying relief from the judgment.

{¶15} The trial court assumed, for purposes of the Magistrate's Decision, Barensfeld met the first element of the *GTE* test by having a meritorious defense to Maggiore's complaint. The trial court also determined that Barensfeld's Motion for Relief from Judgment was timely filed. Based on the analysis below, we find no abuse of discretion as to the trial court's determination on the first and third elements of the *GTE* test. We then turn to the second element of the *GTE* test: whether Barensfeld is entitled to relief under Civ.R. 60(B)(1), (3), or (5).

*"A PRICKLY LITTLE TECHNICAL PROBLEM": CIV.R. 12, FED.R.CIV.P. 81, AND 28 U.S.C. 1446*

{¶16} The issue in this case is the interplay between the Ohio Civil Rules of Procedure and the Federal Rules of Civil Procedure when a party removes a state court case to federal court. The thrust of Barensfeld's motion for relief from judgment is that due to a mistake in law characterized as excusable neglect, Barensfeld misinterpreted Civ.R. 12, Fed.R.Civ.P. 81 and 28 U.S.C. 1446 and failed to timely answer the Complaint filed in the Stark County court case.

{¶17} Barensfeld was served with the Complaint on October 18, 2010. Civ.R. 12 establishes the date by which a defendant shall serve his answer:

(A) When answer presented

(I) *Generally.* The defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him; if service of notice has been made by publication, he shall serve his answer within twenty-eight days after the completion of service by publication.

{¶18} In order to determine when Barensfeld's answer was due in the Stark County case, we also look to Civ.R. 6. Civ.R. 6(A) provides:

In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. When a public office in which an act, required by law, rule, or order of court, is to be performed is closed to the public for the entire day which constitutes the last day for doing such an act, or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday.

{¶19} Pursuant to Civ.R. 12 and Civ.R. 6, the 28-day period began on October 19, 2010 and ended on November 15, 2010, a Monday that was not a legal holiday. Barensfeld's answer in the Stark County action was due on November 15, 2010.

{¶20} However, Barensfeld did not wish to defend his case in state court. On November 16, 2010, based on diversity jurisdiction, Barensfeld removed the Stark County action to federal court. Under the Ohio Rules of Civil Procedure, this was the 29th day. Under 28 U.S.C. 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

{¶21} Fed.R.Civ.P. 81(c)(2) provides guidelines for a party to file an answer in the federal court action after the case has been removed from state court:

(c) Removed Actions.

(1) Applicability. These rules apply to a civil action after it is removed from a state court.

(2) Further Pleading. After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

(A) 21 days after receiving -- through service or otherwise -- a copy of the initial pleading stating the claim for relief;

(B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

(C) 7 days after the notice of removal is filed.

{¶22} In the present case, Barensfeld filed his Answer in the federal court action on November 22, 2010, six days after removal.

{¶23} Upon Barensfeld's Answer in federal court, Maggiore filed a Motion to Strike the Answer based on the default judgment awarded on November 15, 2010 in the Stark County action. Barensfeld opposed the motion, arguing the application of Civ.R. 12, 28 U.S.C. 1446(b), and Fed.R.Civ.P. 81(c)(2)(C) created a "prickly little technical problem" when a case was removed from state court to federal court. *See Burroughs v. Palumbo*, 871 F.Supp. 870 (E.D. VA 1994). Barensfeld argued he could either file an answer in state court within 28 days pursuant to Civ.R. 12 or if he removed the action to federal court within 30 days of the filing of the action pursuant to 28 U.S.C. 1446(b), he was granted seven days from the date of removal in which to file an answer in federal court under Fed.R.Civ.P 81(c)(2)(C). (*Maggiore v. Barensfeld*, N.D.Ohio No. 5:10cv2622, May 12, 2011 Memorandum Opinion and Order.)

{¶24} The federal court granted the motion to strike Barensfeld's Answer. It found that regardless of the application of the Rules of Civil Procedure, default judgment was granted in the Stark County action before Barensfeld removed the case to federal court. Because there was a default judgment granted in the state court action prior to removal, the federal court "takes the case as it finds it on removal and

treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783 (9th Cir. 1963).

{¶25} The federal court next considered Barensfeld's alternative motion for relief from the default judgment and denied that motion as well. The matter was returned to the Stark County Court of Common Pleas.

{¶26} In his motion for relief from judgment before the Stark County Court of Common Pleas, Barensfeld argued his failure to respond to the complaint was the result of "mistake, inadvertence, surprise, or excusable neglect." Civ.R. 60(B)(1). To determine whether neglect is "excusable" or "inexcusable" under Civ.R. 60(B)(1), a court must consider all of the surrounding facts and circumstances. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). The Ohio Supreme Court has defined "excusable neglect" in the negative by stating that, " * * * the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), citing *GTE,* at 153.

{¶27} Although excusable neglect is an "elusive concept," "the failure to plead or respond after admittedly receiving a copy of a complaint is generally not excusable neglect." *Dutton v. Potroos,* 5th Dist. No. 2010CA00318, 2011-Ohio-3646 citing *LaSalle Nat. Bank v. Mesas,* 9th Dist. No. 02CA008028, 2002-Ohio-6117, at ¶ 13.

{¶28} Excusable neglect has been further defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Emery v. Smith,* 5th Dist. Nos. 2005CA00051, 2005CA00098,

2005-Ohio-5526, ¶ 16 citing *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 536 fn. 8, 706 N.E.2d 825 (4th Dist. 1997). "Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring." *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, ¶ 22 quoting *Stuller v. Price*, 10th Dist. No. 02AP-29, 2003-Ohio-583, at ¶ 52.

{¶29} The trial court determined Barensfeld failed to establish excusable neglect or mistake in his failure to file an answer or otherwise defend his position in the Stark County action. The court reviewed Barensfeld's actions and found them to be deliberate, concluding Barensfeld chose to remove the action to federal court for strategic purposes, rather than make an appearance in the Stark County action until after the removal was filed. (July 19, 2011 Magistrate's Decision.)

{¶30} Barensfeld argued he was entitled to relief because he made a mistake in the law based on Civ.R. 12, Fed.R.Civ.P. 81, and 28 U.S.C. 1446, as he argued in federal court. The argument was that he understood the law to be that he could either file an answer in state court within 28 days of service of the complaint under Civ.R. 12 or, under Fed.R.Civ.P. 81 and 28 U.S.C. 1446, he could remove the action to federal court within 30 days of receipt of service of the complaint and file his answer in federal court within seven days of removal. While that statement of law is correct, there are intervening procedural circumstances in this case to make it inapplicable to Barensfeld. Barensfeld did not remove the case to federal court until the 29th day. Maggiore filed his motion for default judgment on the 29th day and it was granted before Barensfeld removed the case to federal court.

{¶31} The trial court rejected Barensfeld's argument based in part on the May 12, 2011 federal court memorandum opinion in *Maggiore v. Barensfeld*, N.D.Ohio No. 5:10cv2622. The trial court further held "mistakes of legal advice or mistakes of law are not within the contemplation of Civ.R. 60(B)(1)." *Cleveland Municipal School Dist. v. Farson*, 8th Dist. No. 89525, 2008-Ohio-912. Barensfeld argues this Court has found numerous times that a mistake in the law demonstrated excusable neglect. *See Campbell v. Aepli*, 5th Dist. Nos. CT06-0069, CT06-0063, 2007-Ohio-3688; *McFedericks, Inc. v. Strouse*, 5th Dist. No. 09COA014, 2009-Ohio-6253. A review of these cases show, based on the facts and circumstances presented, the parties established excusable neglect. In this case, we cannot find the trial court abused its discretion is reaching an opposite conclusion.

{¶32} Barensfeld's failure to file an answer or otherwise defend in the Stark County action was not the consequence of some unexpected or unavoidable hindrance or accident. Pursuant to the Ohio Rules of Civil Procedure, Barensfeld could have prevented the default judgment from occurring in the Stark County action.

*CIV.R. 60(B)(3)*

{¶33} Barensfeld next argues he is entitled to relief based on Civ.R. 60(B)(3). This provision establishes that relief from judgment may be granted if the judgment was the result of fraud, misrepresentation, or other misconduct of the adverse party. Barensfeld argues that by filing his motion for default judgment on November 16, 2011, Maggiore engaged in fraud, misrepresentation, or misconduct.

{¶34} As stated above, pursuant to the Ohio Rules of Civil Procedure, Barensfeld's answer or otherwise was due in the Stark County action on November

15, 2010. Maggiore filed his motion for default judgment on November 16, 2010 under Civ.R. 55. We can find no fraud or misrepresentation with Maggiore's compliance with the civil rules.

*CIV.R. 60(B)(5)*

{¶35} Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Dutton v. Potroos*, 5th Dist. No. 2010CA00318, 2011–Ohio–3646, at ¶ 49 citing *Chuck Oeder Inc. v. Bower*, 9th Dist. No. 23785, 2007–Ohio–7032, at ¶ 10. It is reserved for "extraordinary and unusual case[s]," *Myers v. Myers*, 9th Dist. No. 22393, 2005–Ohio–3800, at ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment[.]" *Id.*

{¶36} We do not find the facts and circumstances of this case present this Court with an extraordinary and unusual situation to warrant the application of Civ.R. 60(B)(5).

{¶37} Accordingly, Barensfeld's sole Assignment of Error is overruled.

**CONCLUSION**

{¶38} Based on the foregoing, we overrule Barensfeld's sole Assignment of Error. The trial court did not abuse its discretion in denying Barensfeld's Motion for Relief from Judgment.

{¶39} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.

 

 

HON. PATRICIA A. DELANEY

 

 

HON. JOHN W. WISE

 

 

HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| CHRISTOPHER MAGGIORE | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| -vs- | : | |
| GLEN BARENSFELD | : | Consolidated Case Nos. 2011CA00180 & 2011CA00230 |
| Defendant - Appellant | : | |

:

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS