OPINION
{¶ 1} Plaintiff-appellant, American Select Insurance Co., appeals from an order of the Franklin County Court of Common Pleas entered March 1, 2001, granting defendant-appellee, Cinda Riggs, relief from a previously entered default judgment and reinstating the case on the court's active docket. *Page 2 
 {¶ 2} Appellant timely filed a notice of appeal on March 29, 2001, and the record on appeal was transmitted to this court on April 9, 2001. Appellant timely filed its corrected brief on May 24, 2001. Appellee, however, has filed no brief on appeal. On July 17, 2001, this court issued an order stating: "This matter is hereby stayed based upon a suggestion of a bankruptcy filing by appellee."
 {¶ 3} Nothing further transpired in this case until an entry of August 18, 2006, vacating this court's July 17, 2001 stay and indicating that "the U.S. Bankruptcy Court docket fails to reveal an active bankruptcy involving appellee." The entry also granted appellee 20 days to file her brief. The matter was set for oral argument but appellee has filed no brief. Nor has the brief of appellant, filed May 24, 2001, been supplemented or modified.
 {¶ 4} Counsel for appellant appeared for oral argument and advised the court that appellee had, at some time in the past, been discharged from her debts (apparently including the one which is the subject of this action) in the bankruptcy proceedings. Appellant's counsel also briefly argued the merits of appellant's appeal.
 {¶ 5} However, nothing formally in the record before this court demonstrates such bankruptcy discharge, which presumably would constitute a complete defense in the trial court if properly raised.
 {¶ 6} In support of this appeal, appellant has raised four assignments of error as follows:
 ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT A LAYPERSON IS NOT CHARGED WITH *Page 3 
INTRICATE KNOWLEDGE OF THE OHIO RULES OF CIVIL PROCEDURE.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING RELIEF FROM JUDGMENT WHEN DEFENDANT/APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT DID NOT CONTAIN A MERITORIOUS DEFENSE.
 ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING RELIEF FROM JUDGMENT WHEN DEFENDANT/APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT DID NOT DEMONSTRATE EXCUSABLE NEGLECT UNDER CIV.R. 60(B)(1).
 ASSIGNMENT OF ERROR NUMBER FOUR
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT RELIEF FROM JUDGMENT WAS PROPER UNDER CIV.R. 60(B)(5) WHEN A MORE SPECIFIC PROVISION OF CIV.R. 60(B) APPLIED, I.E., CIV.R. 60(B)(1).
 {¶ 7} In order to conclude this case in this court, it is necessary to determine the merits of this appeal. For the reasons that follow, we determine that the assignments of error are not well-taken and remand this cause to the trial court.
 {¶ 8} We shall consider the four assignments of error each of which presents a slightly different issue as to whether the trial court erred in granting appellee's motion for relief from judgment and vacating the default judgment.
 {¶ 9} By the second assignment of error, appellant contends that the trial court erred in granting the motion for relief from judgment because appellee's motion for such relief did not contain a meritorious defense. However, prior to entry of the default *Page 4 
judgment, appellee had filed a motion for leave to file an answer out of rule to which was attached a tendered answer setting forth appellee's defense constituting a meritorious defense and a memorandum contra the default.
 {¶ 10} Unfortunately, neither the motion for leave nor the memorandum contra appellant's motion for default were in the file or on the court computer system when appellant's motion for default judgment was presented to the trial court. Being unaware that appellee had filed both a motion for leave to file an answer out of rule (which was attached to the motion) and a memorandum contra the motion for default, the trial court signed an entry granting the default judgment. The trial court, in its decision granting relief from judgment, noted that, although the motion for relief from judgment did not specify the meritorious defense, such defense was included in the motion for leave to file an answer. The motion for leave to file the answer out of rule and the memorandum opposing the motion for relief from judgment were filed by counsel for appellee later the same day (November 18, 2000) as the motion for default judgment was filed. In granting relief from judgment, the trial court stated: "Had the court been aware that these motions were also before the court, the court likely would not have granted the default."
 {¶ 11} Appellant asserts herein that relief from judgment cannot be granted unless the meritorious defense is specifically set forth in the motion for relief from judgment. Appellant does not suggest, however, that no meritorious defense exists, which is understandable since this is a re-filed case. The original case was voluntarily dismissed by appellant the day before the trial on the merits was scheduled to *Page 5 
commence. Thus, appellant is in no position to contend it was unaware of appellee's defense since the prior case was at issue when appellant voluntarily dismissed it.
 {¶ 12} In this case, as the trial court specifically found, the defenses raised in appellee's tendered answer met the requirement of showing the existence of a meritorious defense in connection with a motion for relief from judgment. Appellant raises only a contention that the trial court erred as a matter of law in granting the motion for relief from judgment because it "did not contain a meritorious defense." However, where the meritorious defense otherwise clearly appears in the record of the case at the time the motion is granted, it is not error for the trial court to grant a motion for relief from judgment even though it is not specifically set forth in a motion for relief from judgment. The second assignment of error is not well-taken.
 {¶ 13} By its third assignment of error, appellant contends the trial court erred in granting relief from judgment because appellee's motion "did not demonstrate excusable neglect." The trial court stated in its decision:
 * * * The record shows that Defendant participated fully in the prior proceedings, and the only reason she is still before the court is that Plaintiff dismissed the first action shortly before an already-postponed trial. The record also shows that as soon as she learned of her mistake, Defendant contacted counsel who took immediate action to preserve her rights. * * *
 {¶ 14} Also, the trial court did not limit consideration to excusable neglect, but also considered other grounds for relief under Civ.R. 60(B)(1), stating: "Plaintiff's argument that Defendant has not shown excusable neglect, mistake, or inadvertence is *Page 6 
not well taken." In McDade v. McDade (Sept. 21, 1995), Franklin App. No. 94APF08-1170, this court stated, quoting from Colley v. Bazell (1980),64 Ohio St.2d 243, 248:
 "* * * [T]he concept of `excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" * * * When determining whether there has been excusable neglect, all surrounding facts and circumstances should be taken into account. * * *
 {¶ 15} The trial court acted in keeping with the principles ofColley in finding relief from judgment should be granted to appellee whether on grounds of excusable neglect or mistake. Appellee's neglect (or mistake) was not in failing to file an answer, but, instead, was her failure to contact her attorney because she believed that her attorney would have been sent a copy of the re-filed complaint just as he received a copy of all filings in the proceedings and that her attorney would then take any necessary action. Appellee's trust in the system was misplaced because appellant was not required to and did not send a copy of the re-filed complaint to her attorney and, therefore, he was unaware of the filing and no answer was filed. Once she learned of her mistake, appellee contacted her attorney who finally filed both the motion for leave to file an answer tendering the answer and a response to appellant's motion for default judgment, which was granted by the trial court unaware that appellee's motion had previously been filed because of an apparent docketing error or delay.
 {¶ 16} Under the circumstances involved and in keeping with the holding of Colley, we find that the trial court did not abuse its discretion, much less err, in granting *Page 7 
relief from judgment. Since granting relief from judgment involves an exercise of discretion, we might well have also found no abuse of discretion or error had the trial court denied the motion for relief from judgment, which is often the case when a discretionary determination is a "close call." Here, however, the record reflects sufficient reason to support the trial court's determination, even though such result might not be required as a matter of law. Likewise, the opposite conclusion urged by appellant that relief from judgment should be denied is equally not well-taken. Accordingly, the third assignment of error is not well-taken.
 {¶ 17} By the fourth assignment of error, appellant contends that the trial court erred as a matter of law in granting relief from judgment under Civ.R. 60(B)(5) when a more specific provision (Civ.R. 60[B][1]) applies. This assignment of error is not well-taken because the trial reference to Civ. R. 60(B)(5) pertained to a ground not contained in Civ.R. 60(B)(1).
 {¶ 18} The trial court predicated its reference to Civ.R. 60(B)(5) to the "inadvertence" caused by the court's record not reflecting the filing of the motion for leave to file an answer and of the memorandum opposing appellant's default judgment motion at the time the trial court considered (and granted) appellant's motion for default judgment. As noted above, the trial court stated that, had it been aware of the filing of the motion and the memorandum by appellee, it would not have granted the motion for default judgment at least not without having first considered the motion and memorandum and having ruled upon the motion. *Page 8 
 {¶ 19} The "inadvertence" of the trial court and the court record is not "inadvertence" under Civ.R. 60(B(1), which pertains to inadvertence of a party not the court. Therefore, the trial court reference to Civ.R. 60(B)(5) was not improper, and the fourth assignment of error is not well-taken.
 {¶ 20} By the first assignment of error, appellant contends that the trial court erred by stating that a layperson "is not charged withintricate knowledge of the Ohio Rules of Civil Procedure." (Emphasis added.)
 {¶ 21} Despite this statement by the trial court, we find no indication that the trial court would have made a different determination had the "neglect" or "mistake" been made by an attorney, especially in light of the inadvertence caused by the delay in appellee's motion and memorandum appearing on the trial court's computer system and records, which suggests that, even if error, the statement was not prejudicial.
 {¶ 22} However, we find no error for the reason that the statement does not suggest that a layman is not charged with a knowledge of the Ohio Rules of Civil Procedure, but only that the knowledge required is not intricate knowledge. As defined in Webster's Ninth New Collegiate Dictionary (1987) 635, "intricate" means "having many complexly interrelating parts or elements" or "difficult to resolve or analyze[.]" Hopefully, attorneys through their training and experience have an "intricate" knowledge of the law, including the Ohio Rules of Civil Procedure. However, even a lay person who attempts to represent his or her self in a civil case is not expected to have the expertise of an attorney, which is why laypersons are advised to obtain counsel. The first assignment of error is not well-taken. *Page 9 
 {¶ 23} For the foregoing reasons, all four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed and this case is remanded to that court for such further proceedings as may be appropriate under the circumstances.
Judgment affirmed, cause remanded.
SADLER, P.J., and BROWN, J., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1