[Cite as *Claycraft Motors, L.L.C. v. Bulldog Auto Sales, Inc.*, 2014-Ohio-2086.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| CLAYCRAFT MOTORS, LLC. | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13-CA-70 |
| BULLDOG AUTO SALES, INC.,ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Fairfield County Court
of Common Pleas, Case No. 2011 CV
01002


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      May 12, 2014


APPEARANCES:

For Plaintiff-Appellant          For Defendants-Appellees

DAVID A. SKROBOT               STEVEN KOKENSPARGER
JOHN RIDGE                     KOKENSPARGER & RYAN, LLC
BRETT SHERAW                   140 Mill Street, Suite B
FISHER, SKROBOT & SHERAW, LLC   Gahanna, OH 43004
471 East Broad St., Ste. 1810
Columbus, OH  43215

*Gwin, P.J.*

{¶1} Appellant appeals the May 8, 2012 judgment entry by the Fairfield County Court of Common Pleas and the September 13, 2013 judgment entry clarifying the May 8th judgment entry and granting appellees' motion to vacate judgment.

*Facts & Procedural History*

{¶2} On October 5, 2011, appellant Claycraft Motors, LLC, filed a complaint against appellees Bulldog Auto Sales, Inc. and its owner, Theodore Johnson ("Johnson"), for monies due and owing over the sale of motor vehicles to appellees. Appellant alleged appellees agreed to purchase five motor vehicles from appellant and appellees failed to pay for the vehicles after appellant delivered them. On October 7, 2011, certified mail receipts were returned to the Fairfield County Clerk of Courts and the notation on the docket indicates the signature was illegible on each receipt. Appellant filed a motion for default judgment on November 17, 2011 and included the affidavit of James Hornberger, a member of appellant's LLC. Hornberger stated appellant entered into several contracts where appellees agreed to purchase motor vehicles from appellants. Further, appellant delivered the vehicles to appellees and appellees failed to pay for five vehicles for a total of $39,800. By judgment entry filed the same date, the trial court granted the motion and found in favor of appellant in the amount of $39,800, plus interest and costs.

{¶3} In January of 2012, the trial court issued an order setting a judgment debtor examination for February 27, 2012. On February 23, 2012, Johnson filed a pro se motion to continue the debtor's exam to obtain counsel. The trial court granted the motion to continue on February 24, 2012.

{¶4} On April 20, 2012, appellees filed a motion to vacate judgment pursuant to Civil Rule 60(B). In their motion, appellees argued no certified or personal service was completed on appellees and that they had a meritorious defense, i.e. payment, to the complaint. Attached to appellees' motion was the affidavit of Johnson. Johnson stated he did not receive actual notice of the filing of the complaint that led to the default judgment and was never notified of a hearing on the complaint or damages. Johnson said he was unaware of the filing of the complaint or the default judgment until January of 2012. Johnson alleged he and Bulldog Auto Sales, Inc. had a meritorious defense to the complaint because he paid appellant for the vehicles. Appellant filed a memorandum in opposition to appellees' motion to vacate on May 7, 2012.

{¶5} The trial court held an evidentiary hearing on May 7, 2012. Johnson testified at the hearing and stated he did not sign for the complaint and was not sure who did. Further, that the service to him personally was sent to the business address and not his home address. Johnson stated, at the time the complaint would have been served on him, he was involved in a contested divorce and was served with multiple legal papers with regard to the divorce case. Johnson testified the 2003 BMW M3 was never delivered to him by appellant, the 2003 Chevrolet diesel truck was a title swap so no checks were exchanged between the parties, he paid for both a 2008 Ford Escape and a 2000 Chevy Tahoe, and appellant refused to pick up a 2008 ATV after appellees determined they were not going to purchase the vehicle.

{¶6} The trial court granted appellees' motion on May 8, 2012 and vacated the default judgment. The trial court found the Rule 60(B) motion to be timely and found appellees have meritorious defenses to the claims presented. Further, the interests of

justice warrant the use of the Civil Rule 60(B)(5) catch-all provision. The trial court found it did not need to address Civil Rule 60(B)(1) since appellees were entitled to relief pursuant to Civil Rule 60(B)(5). Appellant appealed the May 8, 2012 judgment entry to this Court. In *Claycraft Motors, LLC, v. Bulldog Auto Sales, Inc.*, Delaware No. 12-CA-29, 2013-Ohio-1048, we reversed the trial court's decision and remanded the matter to the trial court to clarify which defendant[s] was granted relief. On September 13, 2013, the trial court issued a judgment entry clarifying that it was the trial court's intention to vacate the default judgment as to both Johnson and Bulldog Auto Sales, Inc.

{¶7} Appellant appeals the May 8, 2012 and September 13, 2013 judgment entries of the Fairfield County Court of Common Pleas and assigns the following as error:

{¶8} "I. THE TRIAL COURT ERRED IN GRANTING THEODORE JOHNSON AND BULLDOG AUTO SALES, INC.'S MOTION TO VACATE JUDGMENT BECAUSE CIV.R. 60(B)(5) WAS USED BY THE TRIAL COURT TO GRANT RELIEF EVEN THOUGH APPELLEES FAILED TO PROTECT THEIR INTERSTS OR PARTICIPATE IN THE LEGAL PROCESS, NO EXTRAORDINARY CIRCUMSTANCES WERE ALLEGED AND THE MOTION TO VACATE WAS NOT TIMELY FILED."

I.

{¶9} The order from which appellant has appealed vacated the earlier judgment granted by the trial court. This Court, therefore, has jurisdiction pursuant to Section 2505.02(B)(3) of the Ohio Revised Code. The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion.

*Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987).  In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶10}  Civil Rule 60(B) provides, "on motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment * * * was entered to taken."  Civil Rule 60(B).  A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed."  *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 at paragraph two of syllabus, 351 N.E.2d 113 (1976).  Further, "where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits."  *Id.*

{¶11}  In this case, there is no dispute that appellees set forth a meritorious defense.  Johnson testified he paid for the vehicles at issue, either by check or with a title swap, and introduced Exhibit A, a check for payment of one of the vehicles at issue.

*Timeliness of Motion*

{¶12}  Appellant argues appellees' motion was not timely because the motion was filed more than six months after the complaint and summons were served and more than five months after default judgment was granted.  We disagree.

**{¶13}** A Civ.R. 60(B)(5) motion must be made within a reasonable time, but the rule does not specify what qualifies as a reasonable time. *Zwahlen v. Brown*, 1st Dist. Hamilton No. C-070263, 2008-Ohio-151. The determination as to what constitutes reasonable time is for the trial court to determine in the exercise of sound discretion. *Robinson v. Miller Hamilton Venture, LLC*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017.

**{¶14}** In this case, Johnson testified he learned of the default judgment against him in January of 2012 and, soon after he got the notice of the debtor's exam, filed a motion to continue the February 2012 debtor's exam in order to obtain counsel and determine how to address the complaint filed in October of 2011 and the default judgment in November of 2011. Counsel for appellees subsequently filed the motion to vacate on April 20, 2012, less than two months after appellees' motion to continue the debtor's exam. Johnson testified that, during this time, he was going through a complicated divorce proceeding. Upon review of the record and in light of the evidence presented for the trial court's consideration, we find appellant failed to establish the trial court's conclusion that appellees' motion to vacate was made within a reasonable time constituted an abuse of discretion.

*60(B)(5)*

**{¶15}** Appellant contends the trial court improperly utilized Civ.R. 60(B)(5) as a substitute for a specific provision in Civ.R. 60(B)(1)-(4), appellees failed to defend their interests, and the failure to timely file an answer in this case does not rise to the level of extraordinary circumstances as required by Civ.R. 60(B)(5). We disagree.

{¶16} Civil Rule 60(B)(5) operates as a catch-all provision and "reflects the inherent power of a court to relieve a person from the unjust operation of a judgment." *Dutton v. Potroos*, 5th Dist. No. 2010CA00318, 2011-Ohio-3646. However, it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B) and the grounds for invoking Civ.R. 60(B)(5) should be substantial. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983). It is to be used in extraordinary and unusual cases when the interests of justice warrant it. *Adomeit v. Baltimore,* 39 Ohio App.2d 97, 316 N.E.2d 469 (8th Dist. 1974). Some courts have granted relief under Civ.R. 60(B)(5) for failure of service. *Lade v. Wheeler*, 12th Dist. Clermont No. CA99-10-096, 2000 WL 525717 (May 1, 2000); *Steinhoff v. Nyerghes*, 8th Dist. Cuyahoga No. 76096, 2000 WL 336521 (March 30, 2000); *Rafalski v. Oates*, 17 Ohio App.3d 65, 477 N.E.2d 1212 (8th Dist. 1984); *Rogers v. United Presidential Life Ins. Co.*, 36 Ohio App.3d 126, 521 N.E.2d 845 (10th Dist. 1987).

{¶17} In this case, appellees attached to their motion to vacate the sworn affidavit of Johnson stating he did not receive service of the complaint against him. At the evidentiary hearing on appellees' motion, Johnson testified he was not properly served with the complaint and he did not receive any actual notice of the action against him at the time the default judgment was granted. Johnson stated he was going through a difficult and contested divorce at the time appellant's complaint was filed and the default judgment was granted. Johnson was being served with multiple documents on a regular basis for his divorce, but stated he did not receive notice of appellant's complaint. Johnson could not tell who signed for the complaint and the Clerk of Courts

noted on the docket that the signatures on the certified mail return receipts for appellees were illegible.

{¶18} Appellant opposed the motion to vacate and stated it obtained valid service on appellees because they complied with the civil rules. However, appellant did not contradict Johnson's testimony that appellees never received actual service of the complaint and were unaware of the pendency of the case until January of 2012. The trial court was faced with competing interests in ruling on the motion. "On one hand is the principle of finality of judgment and the non-moving party's right to have his judgment enforced. On the other hand is the principle that cases should be decided on their merits and the right of all parties to be heard." *Robinson v. Miller Hamilton Venture, LLC*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017. The trial court was in the best position to balance these competing interests. Further, the trial court's reference to Civ.R. 60(B)(5) pertained to a ground not contained in Civ.R. 60(B)(1). See *American Select Ins. Co. v. Riggs,* 10th Dist. Franklin No. 01AP-380, 2007-Ohio-1808. Based on the facts and circumstances in this case, we find the trial court did not abuse its discretion in finding an extraordinary or unusual situation to warrant the application of Civ.R. 60(B)(5).

{¶19} Accordingly, because the trial court did not abuse its discretion by granting relief from judgment, appellant's assignment of error is overruled. The May 8, 2012 judgment entry by the Fairfield County Court of Common Pleas and the September 13, 2013 judgment entry clarifying the May 8th judgment entry are affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur