[Cite as *N. Orange Homeowners Assn., Inc. v. Suarez*, 2019-Ohio-4416.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| NORTH ORANGE HOMEOWNERS | : | Hon. W. Scott Gwin, P.J. |
| ASSOCIATION, INC. | : | Hon. John W. Wise, J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 2019 CAE 02 0015 |
|  | : |  |
| JOSEPH W. SUAREZ | : |  |
|  | : | OPINION |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:      Civil appeal from the Delaware County
Court of Common Pleas, Case No.18 CVH
06 0329

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 23, 2019

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

ROBIN STROHM            COURTNEY HANNA
Two Miranova Place            155 W. Main Street
Suite 380            Suite 200
Columbus, OH 43215            Columbus, OH 43215

*Gwin, P.J.*

{¶1}   Appellant appeals the February 11, 2019 and April 18, 2019 judgment entries of the Delaware County Court of Common Pleas granting appellee's motion for summary judgment, denying appellant's motion to vacate, and granting appellee's motion for additional attorney fees.

*Facts & Procedural History*

{¶2}   Appellant Joseph Suarez ("Suarez") is the owner of the lot at 7840 Overland Trail ("Lot") in Delaware, Ohio.  Appellee North Orange Homeowners' Association, Inc. ("Association") is a not-for-profit corporation that governs the uses of the lots in the North Orange Residential Subdivision ("Subdivision").  The lots in the Subdivision are subject to restrictions set forth in the Declaration of Covenants, Easements, Restrictions, and Assessment Liens for the North Orange Residential Subdivision.

{¶3}   On June 26, 2018, appellee filed a complaint against appellant.  Appellee alleged that after it approved appellant's request in 2017 to install a one-foot retaining wall, appellant deviated substantially from the plans by: building retaining walls that exceed one foot and extend to areas beyond those in his request; installing electrical outlets and lines not referenced in the request; and otherwise exceeding the scope of the approval.  In its complaint, appellee sought a declaration that it is entitled to enforce the terms of the deed restrictions prohibiting owners of lots in the Subdivision from constructing exterior modifications on any lot in the Subdivision without the Board's prior written approval and a declaration that appellant violated the deed restrictions by constructing the unapproved exterior modifications without the Board's prior written approval.  Appellee also sought a permanent injunction ordering appellant to restore the

Lot to conform to the approval, to remove all of the unapproved exterior modifications, and to cease construction of any additional unapproved exterior modifications unless and until appellant obtains the Board's prior written approval.   Finally, appellee sought monetary damages for court costs and attorney's fees expended for attempting to address appellant's violations of the deed restrictions.

{¶4}   Appellant filed a pro se response to the complaint on July 12, 2018.  In his answer, appellant:  admitted his application for a retaining wall of one foot was approved by appellee; admitted the wall height did go over the approved plan of one foot due to the grade in the yard; admitted he received a letter from appellee stating he went over the one foot mark in his plan; admitted he e-mailed appellee telling them he had to raise the height of the retaining walls in some locations to even out the flower beds; stated he submitted a new application for a revised plan and asked appellee to come and walk the yard to see what issue he was having; appellee never responded to his request; denied he received a second letter from appellee; denied receiving a copy of the deed restrictions at closing; denied he violated any deed restrictions; and stated appellee is discriminating against him.   Appellant attached to his answer photographs of what he states are violations of the deed restrictions on multiple other homes in the Subdivision.

{¶5}   Appellee filed a motion for summary judgment on October 1, 2018, arguing the affidavits and attached documents demonstrate that no genuine issues of material fact exist to rebut that appellant constructed exterior modifications on his Lot in violation of the applicable deed restrictions and that the Association is entitled to judgment for its attorney's fees and costs incurred as a result of having to enforce its deed restrictions against appellant.   Attached to the motion for summary judgment is the affidavit of Sue

Bower ("Bower"), President of the Board of Directors for the Association. Bower avers the following: all of the lots in the Subdivision are governed by the Declaration of Covenants, Easements, Restrictions, and Assessment Liens for the North Orange Residential Subdivision, a true and accurate copy of which is attached as Exhibit A-1; Suarez submitted a request to install a one foot retaining wall around certain flower beds on his lot known as 7840 Overland Trail, Delaware, Ohio to the Board on April 19, 2017; the Board approved the request on April 20, 2017, as the one foot retaining wall around the limited portion of the Lot detailed in the request is in line with other retaining walls in the Subdivision and consistent with the Subdivision's look and feel; Suarez substantially deviated from the approval by building walls much taller than one foot, building walls in many areas beyond those detailed in the request and allowed in the approval, installing exterior electrical outlets and wiring, beginning the installation of five water fountains, and installing outdoor lighting on exterior walls and spot lights focusing on the house, trees, fountains, and mailbox on the Lot; the unapproved modifications are well beyond anything contained on any other lot in the Subdivision and do not match the Subdivision's look and feel; none of the other lots in the Subdivision have retaining walls as tall and extensive as those on the Lot, nor do any of the other lots in the Subdivision have the substantial outdoor lighting, outdoor electrical outlets and wiring, or five water fountains that Suarez has installed or is in the process of installing on the Lot; the Board's management company at the time contacted Suarez and informed him the unapproved modifications must be removed; Suarez has never removed the unapproved modifications; Suarez kept building the unapproved modifications and, on July 20, 2017, he submitted revised plans to the Board for its approval reflecting some of the unapproved modifications that were

not included in his initial request; the Board never approved the second request; the Board repeatedly requested Suarez remove the unapproved modifications, but he refused to do so and continued adding other unapproved modifications; the Board received complaints from owners in the Subdivision about the height of the retaining walls that Suarez was building on the Lot, the substantial amount of lighting installed by Suarez, and other unapproved modifications; attached as Exhibits A-2, A-3, A-4, A-5, A-6, and A-7 are pictures of the Lot, true and accurate copies of how it appeared on April 27, 2018; the Board authorized the filing of this action against Suarez after he continually refused to remove the unapproved modifications, and, instead, continued constructing more of them; the Board is not discriminating against Suarez by pursuing this enforcement action, and never has discriminated against him; and the Board has not received an exterior modification application from Suarez since the Association's complaint was filed on June 26, 2018.

{¶6} Also attached to the motion for summary judgment is the affidavit of Nataleigh Dillon ("Dillon"), an employee at the property management company hired by the Association. Dillon avers as follows: Suarez made substantial exterior modifications to the Lot, including building retaining walls taller than one foot around flower beds, trees, and other areas of the Lot, installing exterior electrical outlets and other electrical wiring, beginning of the installation of five water fountains, and installing outdoor lighting on walls and spot lights focused on the house, trees, fountains, and mailbox; on June 27, 2018, she took pictures of the Lot to detail the extent of the modifications and attached as Exhibits B-1 and B-2 are two pictures of Suarez's Lot taken on June 27, 2018; the Board never approved most of the modifications; since CPS took over management of the

Association on April 1, 2018, neither she nor anyone else at CPS received an exterior modification application or any other request from Suarez for exterior modifications; as part of her duties as the property manager, she performs routine inspections of all of the lots in the Subdivision; none of the other lots in the Subdivision contain the extensive retaining walls, outdoor electrical outlets and wiring, five water fountains, or substantial outdoor lighting like Suarez has constructed on his lot; and the Association authorized the filing of the complaint against Suarez to enforce the deed restrictions.

{¶7}    Next, appellee attached to the motion for summary judgment the affidavit of Nicholas Barnes ("Barnes"), lead counsel for appellee in this action.  Barnes avers:  he received an e-mail attached as C-1 from Suarez on June 29, 2018 after the Association filed its complaint in which Suarez stated he was "pretty pumped to take this on and drain the HOA in attorney fees"; he contacted Suarez's bankruptcy counsel who informed him that he is not representing Suarez with regard to this matter and this matter involves a post-petition debt that is not affected by the automatic stay; the total amount of attorney's fees and costs incurred by the Association in preparing for and prosecuting the case through September 30, 2018 is $7,350, as evidenced by the true and accurate copies of the itemized billing statements attached as Exhibits C-4, C-5, C-6, C-7, C-8, C-9, and C-10; his hourly rate of $200.00 per hour is reasonable and customary for attorneys with ten years of legal experiences in the Columbus metropolitan area; and the hourly rate of $200.00 for Attorney Williams is reasonable and customary.

{¶8}    The final affidavit attached to the motion for summary judgment is the affidavit of Aaron Born ("Born"), a member of the Board of the Association.  Born avers as follows:  the Board approved a request from Suarez to install a one foot retaining wall

around certain flower beds on his Lot on April 20, 2017; Suarez substantially deviated from the approval by building walls much taller than one foot, building walls in many areas beyond those detailed in his request and allowed in the approval, installing exterior electrical outlets and wiring, beginning the installation of five water fountains, and installing outdoor lighting on exterior walls and spot lights focusing on the house, trees, fountains, and mailbox; on September 4, 2018, he took the picture attached as Exhibit D-1 that is a true and accurate representation of Suarez's home; no other lot in the Subdivision has anywhere near as many lights or is nearly as bright as Suarez's Lot; Suarez's Lot's exterior is not consistent with the Subdivision's look and feel; Exhibits D-2 and D-3 are pictures of the unapproved modifications on Suarez's Lot that he took on May 24, 2018; Exhibit D-4 is a picture he took of Suarez's Lot on August 24, 2018 showing Suarez continued with the unapproved modifications after this case was filed; Exhibit D-5 is a picture of Suarez's Lot he took on May 30, 2018 showing a black wall on the lot, which was not part of Suarez's request or the approval; and the unapproved modifications are well beyond anything contained on any other lot in the Subdivision and do not match the Subdivision's look and feel.

**{¶9}** The deed restrictions provide that no owner may construct any exterior improvements on a lot in the Subdivision without submitting a request to the Association and receiving its approval prior to construction. Article II, Section 1.

**{¶10}** On October 8, 2018, Appellant filed a pro se "Plaintiffs Motion for Summary Judgment Response." In the "Memorandum Support Response" portion of his response, appellant states: he did not violate any deed restrictions because there are no rules on retaining walls; the wall height did go over the approved plan of one foot due to grade in

the yard; he submitted revised plans with no response from the Association; he installed electrical outlets on his property, but did not install water fountains; he installed outdoor lighting for security reasons; the Board is discriminating against him; and thirty-two retaining walls in the Subdivision are the same height or higher than his. Appellant also detailed what he believed to be lies in the affidavits submitted by the Association in its motion for summary judgment. Appellant attached as exhibits to his response photographs of other homes in the Subdivision.

{¶11} Appellee filed a reply in support of its motion for summary judgment, arguing that none of the allegations contained in appellant's response may be considered because appellant did not provide any affidavits or proper Civil Rule 56 evidence in response. Appellant filed a counterclaim, motion for dismissal, and second response to motion for summary judgment on October 19, 2018. On October 22, 2018, appellee filed a motion to strike the three pleadings appellant filed on October 19th.

{¶12} The trial court issued a judgment entry on January 25, 2019 granting appellee's motion to strike appellant's counterclaim, motion to strike appellant's second response to the motion for summary judgment, and denying appellant's motion for dismissal. Appellant filed a pro se affidavit on February 5, 2019. Appellee filed a motion to strike the affidavit. The trial court granted the motion to strike on February 11, 2019, finding it was not permitted by the Rules of Civil Procedure and is not a proper affidavit because it does not make averments based on personal knowledge.

{¶13} The trial court also issued a judgment entry granting appellee's motion for summary judgment on February 11, 2019. The trial court found that appellant attached several exhibits in his response to the motion for summary judgment that are not self-

authenticating and appellant did not submit an affidavit incorporating the exhibits; thus, the trial court determined it could not consider the exhibits that were improperly attached to appellant's response.

{¶14} The trial court further found as follows:  as an owner of a Lot in the Subdivision, Suarez is subject to the Declaration of Covenants, Easements, Restrictions, and Assessment Liens for North Orange Residential Subdivision and the Code of Regulations of the Association; Article II, Section 1 of the deed restrictions provides that no improvements or changes of any kind may be commenced or permitted to remain on any lot unless such improvement or change has the prior written approval of the developer; the rights of the developer were later transferred to the Association under Article V, Section 6; it is undisputed that Suarez submitted a plan to the Association to install a one-foot retaining wall around specific flower beds on the lot, the Association approved this plan, and Suarez began construction of the exterior modifications; in his answer, Suarez admits he deviated from the original plan and raised the height of the wall in some areas to even out the flower beds and make the walls work; Suarez also deviated from the plan by installing exterior electrical outlets and writing, beginning to install fountains, and installing outdoor lighting on walls and spotlights; Suarez submitted revised plans, but the Association did not approve them; Suarez continued construction; Suarez admitted in his answer that he never received an approval for his revised plan; the Subdivision is governed by R.C. Chapter 5312; because Suarez is a lot owner in the Subdivision, he is subject to all of the covenants, conditions, and restrictions in the deed restrictions; Suarez failed to comply with Article II, Section 1 of the deed restrictions that requires a lot owner to obtain prior written approval from the Association before

commencing any exterior improvements or changes; Suarez failed to comply with Article III, Section 17 of the deed restrictions that requires prior written approval of the Association to install exterior lighting; Suarez admittedly deviated from the approved plan without prior written approval of the Association; Suarez admittedly refused to remove the exterior modifications that have not been approved by the Association; there is no genuine issue of material fact regarding Suarez's violation of the deed restrictions; even if Suarez presented through admissible evidence that other lots in the Subdivision had retaining walls above one foot, it would not provide a defense to Suarez; and the Association has the authority under R.C. 5312.13 and Article V, Section 1 of the deed restrictions to enforce the restrictions against Suarez.

{¶15} The trial court held appellee is entitled to a declaratory judgment that: (1) appellee is entitled to enforce the terms of the deed restrictions prohibiting owners of lots in the subdivision from constructing exterior modifications on any lot in the subdivision without the board's prior written approval and (2) appellant has violated the deed restrictions by constructing the unapproved exterior modifications without the board's prior written approval. The trial court also granted appellee a permanent injunction ordering appellant to restore the lot to conform to the approval by the Board, remove all of the unapproved exterior modifications, and cease construction of any additional unapproved exterior modifications unless and until appellant obtains the Board's prior written approval for any additional exterior modifications. Finally, the trial court determined that, pursuant to R.C. 5312.13, appellee is entitled to an award of court costs and reasonable attorney fees, awarding appellee $7,350 for attorney fees and costs

through September 30, 2018, and ordering further attorney fee documentation to be filed for fees after September 30, 2018.

**{¶16}** Appellee filed a motion for additional attorney fees on February 14, 2019, attaching the affidavit of Barnes requesting an additional $3,240 in attorney fees. Barnes attached invoices to his affidavit.

**{¶17}** On February 22, 2019, appellant obtained counsel and his counsel filed a notice of appearance.

**{¶18}** On March 11, 2019, appellant, through counsel, filed a motion to vacate the judgment entry granting summary judgment. Appellant argued his motion should be granted due to excusable neglect, because, as a pro se litigant, he failed to respond to appellee's motion for summary judgment by affidavit or otherwise with specific facts showing that there are genuine issues of material fact for trial; thus, the trial court relied solely on the version of the facts set forth by appellee. Appellant stated he attempted to advocate for himself and did not demonstrate a complete disregard for the judicial system. Appellant also argued his motion should be granted pursuant to Civil Rule 60(B)(3) because the affidavits attached to appellee's motion for summary judgment contained untruths and misrepresentations regarding material facts. Finally, appellant contended the judgment should be vacated pursuant to Civil Rule 60(B)(5) because it would be inequitable not to vacate the judgment.

**{¶19}** Attached to his motion to vacate is Suarez's affidavit. Suarez avers: appellee has failed to uniformly, fairly, and impartially enforce the deed restrictions; appellee failed to respond to the revised plans he submitted; by failing to respond, appellee is wrongfully circumventing the deed restrictions; appellee is not acting in good

faith by choosing to ignore Suarez; he has never been contacted by the property management company; on three separate occasions, he has offered to have appellee come to the property so he could explain how varying the retaining walls creates a uniform look; appellee has attached affidavits to their motion for summary judgment that are not truthful and misrepresent the modifications made on the property; the photos attached to the affidavits were old photos taken before the retaining walls were lowered; he has not installed any water fountains on the property; the outdoor lighting was installed for security purposes and there are multiple homes in the community with the lighting he proposes; the only spot lights on the property are like other houses in the community; he lowered the retaining walls prior to appellee's complaint being filed; as of this date, 90% of the retaining walls conform to the plans approved by appellee; he has not constructed new walls and has not continued to construct exterior modifications; appellee is not uniformly enforcing the deed restrictions; there are thirty-two other retaining walls in the development that are the same height or higher than his retaining walls; there are many other properties in the community that are violating the deed restrictions and appellee is choosing not to enforce these violations; appellee created this situation by refusing to reject or approve his revised plans; and he has a meritorious defense.

{¶20} Appellee filed a motion to strike affidavit and memorandum in opposition to appellant's motion to vacate on March 22, 2019. Appellant filed a reply on March 29, 2019.

{¶21} On April 18, 2019, the trial court issued a judgment entry granting in part and denying in part appellee's motion to strike affidavit and denying appellant's motion to vacate. The trial court reviewed the affidavit of Suarez and found Suarez does not

specifically state in the affidavit that the statements are based on his personal knowledge. Further, that some of Suarez's statements are legal conclusions and some statements are those from which personal knowledge can be inferred; thus, the trial court struck several paragraphs of Suarez's affidavit. The trial court found Suarez's motion to vacate was timely, but found he failed to establish grounds for relief under Civil Rule 60(B). Because appellant did not offer any excusable neglect other than his status as a pro se litigant, the trial court found appellant failed to demonstrate excusable neglect. As to appellant's argument pursuant to Civil Rule 60(B)(3), the trial court stated appellant did not establish appellee engaged in deceit or other unconscionable conduct to obtain a judgment, but appellant did show that he disagrees with the testimony in the affidavits and photographs referred to in the affidavits. Thus, the trial court found appellant did not establish appellee engaged in the type of fraud that warrants relief under Civil Rule 60(B)(3).

{¶22} With regards to appellant's argument as to Civil Rule 60(B)(5), the trial court found enforcing the judgment against appellant is not unjust and would not cause a miscarriage of justice. The trial court noted: appellant chose to represent himself for eight months; appellant repeatedly failed to comply with the Rules of Civil Procedure and with the court's local rules; appellant only retained counsel after he received an unfavorable outcome; and appellant's decision to proceed pro se resulted in his failure to provide the court with admissible evidence to rebut the motion for summary judgment.

{¶23} The trial court found it need not address whether appellant has a meritorious defense to appellee's claims. Lastly, the trial court found appellant is not entitled to a hearing on the motion to vacate, because, even if it takes as true what is contained in

appellant's affidavit, appellant has failed to establish a ground for relief under Civil Rule 60(B).

**{¶24}** Also on April 18, 2019, the trial court issued a judgment entry granting appellee's motion for award of additional attorney fees incurred in the amount of $3,240 based upon the affidavit from Barnes and copies of the itemized billing statements.

**{¶25}** Appellant appeals the February 11, 2019 and April 18, 2019 judgment entries of the Delaware County Court of Common Pleas and assigns the following as error:

**{¶26}** "I. THE TRIAL COURT SHOULD HAVE DENIED PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT SHOULD HAVE PRECLUDED THE GRANTING OF SUMMARY JUDGMENT.

**{¶27}** "II. THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO VACATE.

**{¶28}** "III. THE JUDGMENT ENTRY GRANTING PLAINTIFF-APPELLEE'S MOTION FOR AWARD OF ADDITIONAL ATTORNEY FEES INCURRED RENDERED HEREIN ON APRIL 18, 2019 SHOULD BE REVERSED WHEN THE COURT REVERSES THE GRANTING OF SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE."

I.

**{¶29}** In his first assignment of error, appellant argues the trial court erred in granting appellee's motion for summary judgment because there are genuine issues of material fact that preclude the granting of summary judgment.

*Summary Judgment Standard*

**{¶30}**  Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶31}**  A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts.  *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981).  The court may not resolve any ambiguities in the evidence presented.  *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984).  A fact is material if it affects the outcome of the case under the applicable

substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶32}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243. The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

**{¶33}** Appellant contends that genuine issues of material fact exist in order to preclude summary judgment, such as whether the exterior modifications, water fountains, and outdoor lighting was in violation of the restrictions, whether appellee is selectively enforcing the restrictions, whether the other homes in the community have similar violations, and whether appellant has stopped the exterior modifications.

**{¶34}** Pursuant to Civil Rule 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when deciding a motion for summary judgment. Specifically, the court is only to consider the "pleadings, depositions, answers

to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact." Civ.R. 56(C). The trial court may consider a type of document not expressly mentioned in Civil Rule 56(C) if such document is "accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a property framed affidavit pursuant to Civil Rule 56(E)." *Deutsche Bank Nat'l Trust Co. v. Hansen*, 5th Dist. Fairfield No. 2010 CA 00001, 2011-Ohio-1223.

{¶35} Upon review, we find appellee met its initial burden of demonstrating the absence of a genuine issue of fact by submitting sufficient and proper Civil Rule 56 evidence, consisting of the incorporation of the pleadings, admissions, affidavits of Bower, Dillon, Barnes, and Born, and various exhibits attached to and incorporated in the affidavits, to demonstrate the absence of a genuine issue of material fact.

{¶36} The burden then shifted to appellant to set forth specific facts, pursuant to the confines of Civil Rule 56, demonstrating a genuine issue of material fact does exist. However, appellant failed to set forth specific facts showing a genuine issue of material fact exists by affidavit or other Civil Rule 56 evidence. Appellant could not rest on the allegations or denials in the pleadings, but had to set forth specific facts by the means listed in Civil Rule 56 showing that a triable issue of fact exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988). Appellant's response contained a series of unsupported allegations and the documents attached to his response were not self-authenticating. Appellant's unsubstantiated response thus failed to meet his burden and did not raise any genuine issue of material fact to preclude summary judgment. Further, the trial court relied not only on the facts as presented by appellee, but also on admissions made by appellant.

**{¶37}** Appellant also argues that the trial court and this Court should afford him reasonable leeway because he responded to the motion for summary judgment pro se. However, "it is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25. They are not given greater rights than represented parties, and must bear the consequences of their mistakes. *Carskadon v. Avakian*, 5th Dist. Delaware No. 11 CAG 02 0018, 2011-Ohio-4423.

**{¶38}** Appellant's first assignment of error is overruled.

II.

**{¶39}** In his second assignment of error, appellant contends the trial court erred in denying his motion to vacate.

**{¶40}** To prevail on a motion brought under Civil Rule 60(B), a movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civil Rule 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Electric, Inc. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). A failure to establish any one of these three requirements will cause the motion to be overruled. *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 474 N.E.2d 328 (1984). There is no dispute that the motion in this case was made within a reasonable time.

**{¶41}** A motion for relief from judgment is addressed to the sound discretion of the trial court and must not be disturbed by this Court absent an abuse of discretion. *Griffey*

*v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). The Supreme Court of Ohio has defined the term of abuse of discretion as implying the court's attitude is unreasonable arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶42} Appellant argues the trial court abused its discretion in finding no excusable neglect pursuant to Civil Rule 60(B)(1). To determine whether neglect is "excusable" under Civil Rule 60(B)(1), a court must consider all the surrounding facts and circumstances. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988). Excusable neglect has been defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Maggiore v. Barensfeld*, 5th Dist. Stark Nos 2011CA00180, 2011CA00230, 2012-Ohio-2909. Further, "excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring." *Id.*

{¶43} Appellant contends he demonstrated excusable neglect because, as a pro se litigant, he failed to respond to appellee's motion for summary judgment by affidavit or otherwise with specific facts showing that there are genuine issues of material fact for trial; thus the trial court relied solely on the version of facts set forth by appellee. Appellant argues he attempted to advocate for himself and did not demonstrate a complete disregard for the judicial system.

{¶44} In this case, we find the trial court did not abuse its discretion in finding no excusable neglect under these facts and circumstances. It is well established that pro se litigants are held to the same standards as litigants represented by counsel and are

presumed to have knowledge of the law and legal proceedings. *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25.

**{¶45}** Ohio courts have held Civil Rule 60(B) is not intended to afford pro se litigants relief from mistakes from the lack of legal counsel or from a pro se litigant's unfamiliarity with the legal system, confusion, or misunderstanding of the law. *Sydnor v. Qualls*, 4th Dist. Scioto No. 15CA3701, 2016-Ohio-8410; *Huntington Nat'l Bank v. D'Egidio*, 9th Dist. Lorain No. 05CA008647, 2005-Ohio-5497; *Lebanon Auto Parts v. Dracakis*, 12th Dist. Warren No. CA99-09-110, 2000 WL 433240 (April 17, 2000); *Gamble Hartshorn LLC v. Lee*, 10th Dist. Franklin No. 17AP-35, 2018-Ohio-980; *Dayton Power and Light v. Holdren*, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121. Additionally, this Court has previously held that an appellant's legal inexperience does not equate to excusable neglect and the failure to seek legal advice after receiving a complaint is not excusable neglect under Civil Rule 60(B)(1). *Long v. Ferrell*, 5th Dist. Stark No. 2017CA00066, 2018-Ohio-155; *Shankle v. Egner*, 5th Dist. Nos. 2011CA00121, 2011CA00143, 2012-Ohio-2027. As stated by the Ninth District,

Acting pro se * * * is neither excusable neglect nor any other reason justifying relief from judgment. A party has a right to represent himself, but if he does so, he is subject to the same rules and procedures as litigants with counsel. If the fact that a party chose not to be represented by counsel and was unsuccessful in pursuing his rights entitled that party to relief from judgment, every judgment adverse to a pro se litigant could be vacated to permit a second attempt, this time with counsel. Such a circumstance would be unjust to the adverse party.

*Ragan v. Akron Police Dept.*, 9th Dist. Summit No. 16200, 1994 WL 18641 (Jan. 19, 1994). In this case, appellant chose to represent himself, as was his right. As such, appellant is presumed to have knowledge of the law and legal procedures.

{¶46} Appellant also argues his motion should be granted pursuant to Civil Rule 60(B)(3) because the affidavits attached to appellee's motion for summary judgment contained untruths and misrepresentations regarding material facts.

{¶47} The fraud or misconduct contemplated by Civil Rule 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in itself would have amounted to a claim or defense in the case. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.2d 1040. As noted by the trial court, appellant's assertions that appellee's affidavits contain misrepresentations about when photographs were taken and the state of the modifications at his home on certain dates demonstrates appellant disagrees with appellee's assertions in the affidavits. However, a conflict in testimony generally does not fit the requirement of "deceit or other unconscionable conduct committed by a party to obtain a judgment." *Sydnor v. Qualls*, 4th Dist. Scioto No. 15CA3701, 2016-Ohio-8410. Additionally, nothing in the affidavits submitted by appellee prevented appellant from fully and fairly presenting his defense to the motion for summary judgment; rather, appellant failed to respond to appellee's motion for summary judgment by affidavit or otherwise with specific facts showing that there are genuine issues of material fact for trial. We find the trial court did not abuse its discretion in finding appellant did not establish that appellee engaged in the type of fraud that warrants relief under Civil Rule 60(B)(3).

**{¶48}** Appellant also based his motion on "any other reason justifying relief from judgment" pursuant to Civil Rule 60(B)(5) and believes the judgment should be vacated pursuant to Civil Rule 60(B)(5) because it would be inequitable not to vacate the judgment.

**{¶49}** Civil Rule 60(B)(5) operates as a catch-all provision and "reflects the inherent power of a court to relieve a person from the unjust operation of a judgment." *Dutton v. Potroos*, 5th Dist. Stark No. 2010CA00318, 2011-Ohio-3646. However, it is not to be used as a substitute for any of the other more specific provision of Civil Rule 60(B). *Caruso-Ciersi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983). The grounds for invoking Civil Rule 60(B)(5) should be substantial and only used in extraordinary and unusual cases when the interests of justice warrant it." *Claycraft Motors, LLC v. Bulldog Auto Sales, Inc.*, 5th Dist. Fairfield No. 13-CA-70, 2014-Ohio-2086. Since appellant's conduct does not constitute excusable neglect to merit relief from judgment under the specific provisions of (B)(1) or (B)(3), it follows that appellant is not entitled to relief under (B)(5). The trial court did not abuse its discretion in finding this was not an extraordinary and unusual case where the interests of justice warrant the judgment being vacated pursuant to Civil Rule 60(B)(5).

**{¶50}** Appellant lastly contends the trial court abused its discretion in not holding an evidentiary hearing on his motion to vacate. However, as noted by the Ohio Supreme Court, "Civil Rule 60(B) relief is improper if any one of the [GTE] requirements is not satisfied." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 666 N.E.2d 1134 (1996). Appellant has not met the second requirement set forth in *GTE*. Thus, because appellant is unable to satisfy all three prongs of the *GTE* test, we find no abuse of discretion in the

denial of appellant's motion to vacate. *Long v. Ferrell*, 5th Dist. Stark No. 2017CA00066, 2018-Ohio-155.

{¶51} Appellant's second assignment of error is overruled.

III.

{¶52} In his third assignment of error, appellant argues the judgment entry granting appellee's motion for award of additional attorney fees incurred should be reversed when this Court reverses the granting of the summary judgment in favor of appellee. Based upon our disposition of appellant's first and second assignment of errors, we overrule appellant's third assignment of error.

{¶53} Based on the foregoing, appellant's assignments of error are overruled.

{¶54} The February 11, 2019 and April 18, 2019 judgment entries of the Delaware County Court of Common Pleas are affirmed.

By Gwin, P.J.,

Wise, John, J., and

Delaney, J., concur